AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| United States of America<br>v.<br>DAVID LEE BECKFORD and<br>STEPHAN ALEXANDER FLORIDA<br><br>*Defendant(s)* | Case No. 15-71597 |

FILED
DEC 14 2015
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  9/28/15 (DB), 12/12/15 (DB & SF)  in the county of  Alameda  in the  Northern  District of  California , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) (Florida and Beckford)<br><br>18 U.S.C. § 922(g)(1) (Beckford) | Possession with Intent to Distribute Controlled Substance<br> - For Cocaine Base: maximum penalties: twenty years imprisonment; lifetime supervised release, min. of three years; $1,000,000 fine; and $100 special assessment. (Beckford)<br> - For Alprazolam, maximum penalties: five years imprisonment; lifetime supervised release, with a minimum of one year of supervised release; $250,000 fine; and $100 special assessment (Beckford and Florida)<br>Felon in Possession of Firearm, maximum penalties: ten years imprisonment; three years supervised release; $250,000 fine; and $100 special assessment |

This criminal complaint is based on these facts:
Please see attached affidavit of DEA Special Agent Andrew Decker.
(Approved as to form: _____ AUSA Marc Price Wolf)

☑ Continued on the attached sheet.

_____
Complainant's signature

Andrew Decker, DEA Special Agent
Printed name and title

Sworn to before me and signed in my presence.

Date: 12/14/15

_____
Judge's signature

City and state: Oakland, California        Hon. Donna M. Ryu, U.S. Magistrate Judge
Printed name and title

BRIAN J. STRETCH (CABN 163973)
Acting United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

MARC PRICE WOLF (CABN 2544959)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6488
    FAX: (415) 436-7234
    marc.wolf@usdoj.gov

Attorneys for United States of America

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN THE MATTER OF THE CRIMINAL COMPLAINT AGAINST:<br><br>(1) DAVID LEE BECKFORD<br><br>(2) STEPHAN ALEXANDER FLORIDA | CASE NO.<br><br>**AFFIDAVIT OF ANDREW DECKER, SPECIAL AGENT FOR THE DRUG ENFORCEMENT ADMINISTRATION, IN SUPPORT OF CRIMINAL COMPLAINT** |

**I.**     **INTRODUCTION**

    I, Andrew Decker, a Special Agent of the Drug Enforcement Administration, being duly sworn, depose and states:

    1.     That I, Andrew Decker, am presently employed by the United States Department of Justice, Drug Enforcement Administration (DEA), San Francisco Divisional Office as a Special Agent (SA) and have been so employed since July of 2012. I have been assigned to the Oakland Resident Office since November of 2012.

    2.     In addition to my experience as an agent with the DEA, I was a certified police officer in the State of California for more than 7 years, in which I held such positions as patrol officer, investigator,

and sergeant. As part of my official duties and assignments as a California police officer, I investigated individuals involved in violation of State of California statutes to include, but not limited to, homicide, narcotic sales, sexual assault, and criminal street gang violations. During the aforementioned investigations, I have prepared affidavits in support of search and arrest warrants. I have also testified as an expert in Contra Costa County Superior Court, California in the matter of possession of marijuana for sales, possession of methamphetamine for sales, and the Norteño criminal street gang.

3.  I have attended several law enforcement schools and advanced officer training to include, but not limited to, 880 hours of California Peace Officer Standards and Training Basic Police Officer training, 550 hours of DEA Basic Agent training, 32 hours of Narcotic Highway Interdiction training, 4 hours of Complex Narcotics training, 4 hours of Marijuana Dispensary Investigation training, 4 hours of OxyContin Investigation training, 4 hours of Pharmaceutical Investigation training, 4 hours of Manufacturing Methamphetamine training, and 4 hours of Asset Seizure training. I currently hold a Bachelors of Science degree in Criminal Justice Administration.

4.  In connection with my official DEA duties, I investigate criminal violations of the federal narcotics laws including, but not limited to, Title 21, United States Code, and Sections 841, 843, 846 and 848. As a DEA Special Agent, I have assisted in narcotics investigations which have led to the seizure of narcotics and arrests of individuals. I have discussed with numerous law enforcement officers, cooperating defendants, and informants, the method and practices used by narcotics distributors.

5.  In addition, I am familiar with narcotics traffickers' method of operation including, the manufacturing, distribution, storage, and transportation of narcotics, and the collection of monies which represents the proceeds of narcotics trafficking, and money laundering. I have participated in all formal methods of investigations, including but not limited to, electronic surveillance, visual surveillance, general questioning of witnesses, search warrants, confidential informants, pen registers, trap and trace, and the use of undercover agents. Moreover, I have authority to execute and serve search warrants issued under authority of the United States, pursuant to Title 21, United States Code, §878.

## II.  PURPOSE OF AFFIDAVIT AND APPLICABLE LAW

6.  This affidavit is made in support of a criminal complaint charging David Lee BECKFORD in violation of the following offenses against the United States:

     a.     possession of a controlled substance with intent to distribute, to wit: Alprazolam (in violation of Title 21, United States Code, § 841(a)(1));

     b.     possession of a controlled substance with intent to distribute, to wit: crack cocaine (in violation of Title 21, United States Code, §841(a)(1)); and

     c.     possession of a firearm by a prohibited person (in violation of Title 18, United States Code, §922(g)(1)).

7.     This affidavit is made in support of a criminal complaint charging Stephan Alexander FLORIDA in violation of the following offenses against the United States:

     a.     possession of a controlled substance with intent to distribute, to wit: Alprazolam (in violation of Title 21, United States Code, § 841(a)(1)).

8.     The information contained in this affidavit is based upon the investigation I and other DEA special agents, state, and local investigators have personally conducted, handling or debriefing of Confidential Sources who have participated in this investigation, conversations with other law enforcement officers involved in this investigation, my personal knowledge, and my training.

9.     The information set forth in this affidavit is not intended to detail each and every fact and circumstance of the investigation or all information known to me and other investigators involved. Rather, this affidavit sets forth facts sufficient to establish probable cause to obtain the arrest and search warrants requested. Therefore, I have not included every fact known to me about the investigation. However, no facts known to me that could potentially mitigate a finding of probable cause have been excluded.

### III. GENERAL INFORMATION

10.     The investigation into BECKFORD and FLORIDA involves the manufacturing, possession for sales, and distribution of counterfeit Xanax. Throughout this affidavit, I refer to the identified controlled substance as "counterfeit Xanax." "Xanax" is the Pfizer brand name of the pharmaceutical Alprazolam, a Schedule IV Controlled Substance. During the investigation, pharmaceutical pills were seized that bore the Pfizer brand name "Xanax"; however, these pills were determined not to be manufactured from Pfizer based upon their chemical composition. Even though the pills were determined to be counterfeit, the pills contained Alprazolam.

11. During the investigation, it was learned, and further alleged, that BECKFORD utilized pill-presses, Xanax dies, microcrystalline cellulose, and other materials to manufacture counterfeit Xanax. Many of these items were later located and seized within BECKFORD's residence, which will be discussed in further detail within this affidavit.

12. A "die" is a specific device used for cutting or forming material in a press or a stamping or forming machine. During the manufacturing process of Xanax, the manufacturer mixes Alprazolam and other binding materials into a pill press. The die will press, stamp, or mold the materials into a counterfeit pill that is similar to the brand-name version.

13. Microcrystalline cellulose is used as a texturizer, an anti-caking agent, a fat substitute, an emulsifier, an extender, and a bulking agent in food production. The most common form is used in vitamin supplements or tablets. Microcrystalline cellulose, when mixed with the controlled substance Alprazolam, can be added to a pill-press during the manufacturing process. The pill press will form and stamp a pill with a specific "die".

## IV. FACTS ESTABLISHING PROBABLE CAUSE.

A. September 28, 2015: Arrest of David BECKFORD and the Seizure of 58 Pounds of Xanax pills, 10.5 Ounces of Cocaine Base (Crack), Approximately $2,366.00, and a Firearm with an Extended Capacity Magazine

14. On September 28, 2015, at approximately 0042 hours, California Highway Patrol (CHP) officers were on routine patrol in the Hayward, California area. The CHP officers were driving a fully marked black and white CHP patrol vehicle and wearing full CHP uniforms. The CHP officers were travelling on State Route 92 eastbound, west of Hesperian Boulevard when they observed a 2003 grey Chevrolet van bearing California license plate PYAREE unable to maintain its lane. There were other vehicles on the roadway at this time. This is a violation of 21658(a) of the California Vehicle Code- unsafe lane change. The CHP officers initiated an enforcement stop by activating the forward red lights, and told the driver via the patrol car PA system to go straight and exit at Jackson Street. The van failed to yield, and continued driving and took the connector ramp to Interstate 880 northbound. The van crossed into the lane to the left, and nearly collided with another vehicle as it merged onto I-880 northbound. The CHP officers then activated full Code 3 lights as well as the siren. The vehicle then slowed as if it was going to take the Winton Avenue exit, then cut across the gore point at Winton Avenue and continued on I-880 northbound.

4

This is a violation of 21651(a) VC- crossing a two foot divided section. The vehicle was still unable to maintain a lane, and crossed into the right shoulder several times. The driver of the van nearly collided into vehicles just south of Washington Avenue. The driver then accelerated, and the van reached speeds of 98 mph just south of Marina Blvd. The driver eventually took the 98th Avenue exit, where the van collided with another vehicle, and came to rest in a northerly direction. The driver then evaded on foot, in a westerly direction on 98th Avenue and was later apprehended by CHP officers. At no time did any of the CHP officers see anyone else in the vehicle.

15.  CHP officers performed a search incident to arrest and read the suspect his Miranda Rights. The suspect was then placed in the right rear seat of a patrol vehicle. Upon search of the driver, $2,316 U.S. dollars were located in his left front pants pocket, along with a large plastic bag of Marijuana which was located in his left jacket pocket. An inventory of the grey Chevrolet van was conducted prior to towing. During the inventory, officers located a pink duffle bag behind the driver seat, which contained three bags of suspected Xanax. On the center console, officers located a Gucci bag that contained more suspected Xanax, approximately 10.5 ounces of suspected crack cocaine, one digital scale, and three iPhones. In total, officers found approximately 58 pounds of suspected Xanax in the vehicle. On the passenger floorboard of the vehicle, officers located a loaded Springfield XD .40 caliber handgun. An extended 30-round magazine, loaded with 15 rounds, was inserted into the firearm. On the driver's seat of the vehicle, officers located an iPhone that also held a Bank of America card belonging to Beau SANKENE. Also located within the vehicle, officers located a prescription bottle bearing the name Tausha Washington, a used syringe, another digital scale and an iPad Mini. The driver verbally identified himself as David Lee BECKFORD, date of birth 03/18/1988. BECKFORD was charged by the Alameda County District Attorney's Office for violating the following statutes: California Health and Safety Code §§ 11352, 11370.1, and 11375(b)(1); California Penal Code §§ 148(a)(1), 25850(a), 25850(c)(1), 29800(a)(1), and 32310; and California Vehicle Code § 2800.2(a). He was released on a $205,000 bond.

16. A DMV check by BECKFORD's name and date of birth via the patrol car Mobile Digital Computer returned to a status of "Suspended or Revoked", in violation of CVC 14601.1(a). BECKFORD was positively identified through Alameda County CRIMS website. A further investigation into BECKFORD's criminal history shows that BECKFORD has prior felony convictions in the State of California that precludes him from firearm ownership, which include a 5/21/08 felony conviction for violating California Health & Safety Code § 11359 (Possessing Marijuana for Sale); and a 01/13/09 conviction for violating California Penal Code § 12021(a)(1) (Felon in Possession of a Firearm).

17. I have conferred with a Special Agent of the Bureau of Alcohol, Tobacco, Firearms, and Explosives. He has advised me that the Springfield XD .40 caliber handgun was not manufactured in California (since this type of firearm is manufactured outside of California) and that it had travelled in and affected interstate commerce.

B. <u>December 12, 2015: Arrest of David BECKFORD, Stephan FLORIDA and the Seizure of Xanax pills, and Approximately $10,000.00 in US Currency</u>

18. On December 12, 2015, Oakland Police Department (OPD) officers were conducting uniformed patrol in the area of Holly Street and Auseon Avenue, Oakland, California. During their patrol, the officers' attentions were drawn to a 2016 Porsche Panamera that did not have a rear license plate in violation of California Vehicle Code Section 5200. Officers contacted the driver, FLORIDA, and the passenger, BECKFORD. During the officers' investigation, they observed, in plain view in the rear hatchback area of the vehicle, what appeared to be a distributable amount of Xanax inside the vehicle. The OPD Officers detained both FLORIDA and BECKFORD and conducted a search of the vehicle. The officers confirmed that the pills bore labels similar to those on Xanax. The officers arrested both BECKFORD and FLORIDA for Possession of Controlled Substance for Sale pursuant to California Health and Safety Code Section 11378 and Transportation of Controlled Substance pursuant to California Health and Safety Code Section 11379. BECKFORD was found to be in possession of a large amount of

6

US Currency that BECKFORD believed to be approximately $10,000.00. In total, officers found approximately 45,000 pills of suspected Xanax in the vehicle.

19. Officers "froze" BECKFORD's residence, located at 1950 86th Avenue, Oakland, California, and applied for a State of California Search Warrant. The warrant to search and seize evidence from the residence was signed later that morning by Alameda County Superior Court Judge Flanagan. OPD officers and DEA agents conducted the search of 1950 86th Avenue and located a pill-press, dies, molds, and other manufacturing paraphernalia. Officers also seized suspected microcrystalline cellulose and manifest paperwork of the same.

V. **CONCLUSION**

20. Therefore, I submit there is probable cause to believe that FLORIDA violated 21 U.S.C. § 841(a)(1) by possessing with the intent to distribute a controlled substance, to wit, Alprazolam; that BECKFORD violated 21 U.S.C. § 841(a)(1) by possessing with the intent to distribute controlled substances, to wit, Alprazolam and crack cocaine; and that BECKFORD violated 18 U.S.C. § 922(g)(1) by being a felon in possession of a firearm.

I declare under penalty of perjury that the statements above are true and correct to the best of my knowledge and belief.

_____
Special Agent Andrew Decker
United States Department of Justice
Drug Enforcement Administration

Sworn and subscribed to before me
December 14, 2015

_____
Honorable Donna M. Ryu
United States Magistrate Judge
Northern District of California