UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>DAVID BECKFORD,<br>Defendant. | Case No. 16-cr-00013-JSW-1<br><br>**ORDER TO SHOW CAUSE**<br>Re: Dkt. Nos. 172, 174 |

On November 15, 2016, David Beckford ("Movant") entered a guilty plea to conspiracy to manufacture, distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. section 846 (Count 1), felon in possession of a firearm, in violation of 18 U.S.C. section 922(g)(1) (Count 5), possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. section 924(c) (Count 6), sale of counterfeit drugs, in violation of 21 U.S.C. section 331(i)(3) (Count 8)[1], conspiracy to engage in international money laundering, in violation of 18 U.S.C. section 1956(h) (Count 9), and trafficking in a counterfeit drug, in violation of 18 U.S.C. section 2320(a)(4) (Count 33). (Dkt. No. 112, Plea Agreement.) As part of his Plea Agreement, Movant agreed "not to file a collateral attack on his conviction or sentence, including a petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, except that I reserve my right to claim my counsel was ineffective." (Plea Agreement, ¶ 5.)

On February 7, 2017, the Court imposed a total term of imprisonment of 123 months, which consisted of a term of 60 months on Count 1, 63 months on Counts 5, 9, and 33, and 36

---

[1] The Plea Agreement refers to 21 U.S.C. section 331(i)(3), and the Superseding Indictment refers to 21 U.S.C. sections 333(i)(3) and 333(a)(2). 21 U.S.C. section 333 sets forth the penalties for violations of 21 U.S.C. section 331.

months on Count 8, all of which were to run concurrently. The Court imposed a term of imprisonment of 60 months on Count 6, to run consecutively to all other counts. (Dkt. No. 140, Judgment.)

Movant, acting *pro se*, now seeks relief under 28 U.S.C. section 2255 and challenges his conviction and sentence. (Dkt. No. 172.) The motion was docketed on February 9, 2018, and it was postmarked February 6, 2018.[2] Movant raises a number of claims for relief, most of which are premised on the premise that counsel was ineffective. Movant also argues his sentence on Count 8 was illegal, because the maximum term of imprisonment for a first time violation is one year.

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

22 U.S.C. § 2255.

A hearing is required "whenever the record does not affirmatively manifest the factual or legal invalidity of the [movant's] claims." *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982) (citation omitted). "A hearing must be granted unless the movant's allegations, when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984) (citations omitted).

The Court finds Movant's claims for ineffective assistance, when liberally construed,

---

[2] On February 16, 2018, the Court received an addendum to the motion, which raises many of the same claims. In the interests of justice, the Court will consider the allegations in that addendum, although that document appears to have been filed on Movant's behalf by an unnamed "friend." (Dkt. No. 174 at ECF p. 12.)

2

appear to be colorable and warrant a response from the Government. The Court notes that, as part of his Plea Agreement, Movant agreed that he "knowingly sold, dispensed, or held for sale or dispensing a counterfeit drug … with the intent to defraud or mislead." (Plea Agreement at 2:22-24.) 21 U.S.C. section 333 provides that "[n]otwithstanding the provisions of paragraph (1) of this section," which sets forth a maximum term of imprisonment of one year, "if any person commits such a violation … with the intent to defraud or mislead, such person shall be imprisoned for not more than three years or fined not more than $10,000, or both." 21 U.S.C. § 333(a)(2). As one basis for relief, Movant asserts that he would not have entered a guilty plea, but for counsel's ineffectiveness. The Court also shall require the Government to respond to this claim.

The Clerk has served notice on the Government. (Dkt. No. 173.) Accordingly, for the foregoing reasons and for good cause shown:

1. The Government shall file with the Court and serve on Movant, within 30 days of the date of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2255 Proceedings, showing cause why the Court should not "vacate, set aside or correct the sentence" being served by Movant.

2. If Movant wishes to respond to the answer, he shall do so by filing a reply with the Court and serving it on the Government within 30 days of his receipt of the answer.

**IT IS SO ORDERED.**

Dated: February 25, 2018

_____
JEFFREY S. WHITE
United States District Judge